# WILKINSON *v.* VAN SENDEN.

BILLS AND NOTES; PLEADING; AFFIDAVITS OF DEFENSE.

Statements in an affidavit of defense in an action on a promissory note, that the note was procured from the defendant by fraudulent representations which are fully set forth in the affidavit, and that the plaintiff, when he took the note, knew of the conditions under which it had been procured, are sufficient to entitle the defendant to a trial. (Following *Codington* v. *Standard Bank,* 40 App. D. C. 409 and *Hazen* v. *Van Senden,* 43 App. D. C. 161.)

No. 2910. Submitted April 5, 1916. Decided April 24, 1916.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia entered for want of a sufficient affidavit of defense.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment for the plaintiff, Herman W. Van Senden, appellee here, in the supreme court of the District under the 73d rule.

The plaintiff declared on a note for $500, payable ninety days after date to the order of the defendant, Oscar Wilkinson, and signed by the defendant. In his affidavit of defense the defendant sets forth in detail that the note was procured from him by fraud, and that the facts surrounding the procurement of this and other similar notes were so well known in the District of Columbia that no banking house or financial institution would accept them for discount. The affidavit further sets forth that the plaintiff is, and for many years has been,

engaged in the business of buying and selling notes in the District of Columbia; that *he knew the conditions under which this note was procured;* that one of the indorsers of the note was the personal attorney of "the man who was head of the whole scheme;" that this attorney had admitted discussing with the plaintiff "several times the relative merits of this note." It is further alleged that the plaintiff did not pay full value for this note, but that he obtained it at "very much less than its face value."

*Mr. W. G. Gardiner* and *Mr. L. L. Hamby* for the appellant.

*Mr. Charles Poe* for the appellee.

*Mr. Justice* ROBB delivered the opinion of the Court:

We think the above affidavit was sufficient, under the rule announced in *Codington* v. *Standard Bank,* 40 App. D. C. 409, and *Hazen* v. *Van Senden,* 43 App. D. C. 161. The fraudulent representations are fully set forth, and it is unequivocally averred that the plaintiff, when he took the note, knew of the conditions under which it had been procured. This is not a statement on information and belief, but a statement of fact.

The judgment must be reversed, with costs, and the case remanded for further proceedings.     *Reversed and remanded.*